UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDERICK WALKER, | **COMPLAINT** |
| Plaintiff, | Docket:  23-5787 |
| -against | |
| THE CITY OF NEW YORK, JOHN DOE AGENTS OF NEW YORK CITY, and JOHN DOE AGENTS OF NEW YORK STATE AT DOWNSTATE CORRECTIONAL FACILITY | JURY TRIAL DEMANDED |
| Defendants. | |

The Plaintiff, Frederick Walker, complaining of the defendants through his attorneys at Barket Epstein Kearon Aldea & LoTurco, LLP, respectfully shows to this Court and alleges that he was deprived of his civil rights and sustained injury as a result of this deprivation.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the claim in this action arises under 42 U.S.C. § 1983.

2.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claim arose, and in which the Defendants resided or conducted business.

## PARTIES

3.      Plaintiff, Frederick Walker, is a resident of Queens County, New York, and was the victim of an unlawful imprisonment.

4.      Defendants John Doe Agents of New York City were at all relevant times employees of the New York City Department of Correction, an agency of the City of New York,

acting under color of state law, within the scope of their employment. They are sued in their individual capacities.

5.      Defendants John Doe Agents of New York State at Downstate Correctional Facility were at all relevant times employees of the State of New York, working at or for Downstate Correctional Facility, acting under color of state law, within the scope of their employment. They are sued in their individual capacities.

6.      The John Doe Agent defendants shall be referred to collectively herein as the "Individual Defendants."

7.      Defendant City of New York is a municipal entity in the State of New York which operates the New York City Department of Correction and employs all correction officers and other New York City Department of Correction employees.

## FACTS

8.      On May 25, 2021, Frederick Walker was incarcerated in prison at the Ulster Correctional Facility on an adjudicated parole violation.

9.      Mr. Walker was scheduled to be released from prison by New York State Department of Correction and Community Supervision (DOCCS) on June 3, 2021.

10.     Mr. Walker had an outstanding bench warrant from Queens County which would have prevented his release on June 3, 2021.

11.     On May 26, 2021, Mr. Walker was transported to Rikers Island on an order to produce for production to Queens Criminal Court on a bench warrant for Docket No. CR20191-20QN.

12.     On June 1, 2021, the bench warrant was vacated, and $1 bail was set on the Queens case.

13.     On June 1, 2021, Mr. Walker authorized the New York City Department of Correction to withdraw $1 from his inmate account to pay the bail.

14.     On June 1, 2021, $1 was removed from Mr. Walker's inmate account.

15.     No action was taken by New York City Department of Correction employees to pay Mr. Walker's bail until June 10, 2021.

16.     Mr. Walker remained incarcerated at Rikers Island until June 24, 2021, when he was taken to the DOCCS Downstate Correctional Facility.

17.     Mr. Walker remained incarcerated at the Downstate Correctional Facility until June 30, 2021, when he was released to parole supervision.

## CAUSES OF ACTION

### I.     VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983) AS AGAINST THE INDIVIDUAL DEFENDANTS.

18.     Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

19.     Plaintiff had a valid liberty interest in paying bail once it is fixed and in then being released upon the bail's payment.

20.     Plaintiff's valid liberty interest was violated by the Individual Defendants, whose weekslong delay in effectuating Plaintiff's release after conveying the $1 bail constituted deliberate indifference to his constitutional rights and liberty interests.

21.     There was no reasonable justification for the Individual Defendants' delay in effectuating Plaintiff's release.

22.     Plaintiff has been damaged through loss of liberty and emotional distress, and is entitled to compensatory damages, punitive damages, and attorneys' fees under 42 U.S.C. §1988(b).

## II.     UNLAWFUL IMPRISONMENT (42 U.S.C. §1983) AS AGAINST THE INDIVIDUAL DEFENDANTS.

23.     Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

24.     The Individual Defendants were at all times acting under color of state law and in the scope of their employment.

25.     Plaintiff's liberty was restrained from June 3, 2021, to June 30, 2021.

26.     There was no probable cause to confine Plaintiff after the $1 bail was withdrawn from Plaintiff's account.

27.     Plaintiff's confinement after having tendered the full amount of his bail constituted an unreasonable seizure in violation of the Fourth Amendment.

28.     Defendants intended to cause Plaintiff to be confined.

29.     The Plaintiff was aware of his confinement and did not consent to it.

30.     The confinement of the Plaintiff was not supported by probable cause.

31.     Plaintiff is entitled to compensatory and punitive damages to be decided by a jury.

32.     Plaintiff is entitled to attorneys' fees under 42 U.S.C. Section 1988(b).

## III.     MONELL LIABILITY AS AGAINST THE CITY OF NEW YORK

33.     Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

34. The City of New York has a persistent and widespread practice of delaying the effectuation of bail payments, and the release of bail-paying prisoners, in violation of their Fourth and Fourteenth Amendment rights.

35. The delays surrounding the release of bail-paying detainees formed the basis of a large class action settlement in the fall of 2022, arising out of the case of *Lynch et al. v. City of New York*, 17-CV-7577. *See also New York to Pay as Much as $400 Million for Release Delays at Rikers*, NYTimes (Nov. 29, 2022), available at:

https://www.nytimes.com/2022/11/29/nyregion/new-york-rikers-settlement.html.

36. The delays experienced by prisoners like Mr. Walker are caused by a wide array of dysfunctional practices and shallow excuses proffered by agents of New York City, who in this case advised that Plaintiff could not be released even after the payment of bail because, according to them, he could not be released from Rikers but instead needed to first be transferred to Downstate Correctional Facility—a gratuitous and deliberately indifferent delay in violation not only of state law (CPL §520.15(1) ("[u]pon proof of the deposit of the designated amount the principal must be forthwith released from custody")), but also of the substantive due process and Fourth Amendment rights set forth above.

37. The City of New York has long been on notice of the outrageous delays in its bail practices. The *Lynch* litigation was initiated in 2017; two years prior, Vice News published a story titled *The DMV on Steroids: Paying Bail in New York is Next to Impossible* that catalogued many of the dysfunctional practices that mar the Defendant City's bail practices; and the same year, the Center for Court Innovation made more than a dozen findings of the City's bail practices that caused needless delays, difficulty and confusion in the release of prisoners—including that the

"bail payment and release process at DOC facilities is too long," and the "DOC's paper-based system is antiquated and leads to barriers and delays in paying bail."

38.     Absent this unconstitutional custom and practice, Mr. Walker would not have suffered the deprivations of his substantive due process and Fourth Amendment rights.

39.     Plaintiff has been damaged through loss of liberty and emotional distress, and is entitled to compensatory damages, punitive damages, and attorneys' fees under 42 U.S.C. §1988(b).

**WHEREFORE**, Plaintiff prays for relief as follows:

A.     That the Court award compensatory damages to Plaintiff and against the Defendants, in an amount to be determined at trial;

B.     That the Court award punitive damages to Plaintiff, and against the Defendants, in an amount to be determined at trial that will deter such conduct by City and State employees in the future;

C.     That the Court award attorney's fees pursuant to 42 U.S.C. § 1988(b);

D.     For a trial by jury; and

E.     For any and all other relief to which they may be entitled.

Dated: Garden City, New York
       July 6, 2023

**BARKET EPSTEIN KEARON ALDEA**
**& LOTURCO, LLP**

By: _____

Seymour W. James, Jr. Esq.
Alexander R. Klein, Esq.
666 Old County Road, Suite 700
Garden City, N.Y. 11530
(516) 745-1500